1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARK C. BERGERON,

11              Plaintiff,                    CIV-S-05-1102 FCD GGH PS

12        vs.

13   KING MOHAMED VI, et al.,

14              Defendants.                   ORDER
     _____/

15

16          Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma

17   pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule

18   72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

19          Plaintiff has submitted an affidavit making the showing required by 28 U.S.C.

20   § 1915(a)(1).  Accordingly, the request to proceed in forma pauperis will be granted.

21          The determination that plaintiff may proceed in forma pauperis does not complete

22   the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case

23   at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or

24   malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

25   an immune defendant.

26   \\\\\

1    A claim is frivolous if it has no arguable basis in law or fact.  Neitzke v. Williams,

2  490 U.S. 319, 325 (1989);  Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984); Jackson

3  v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

4    A complaint, or portion thereof, fails to state a claim if it appears beyond doubt

5  there is no set of supporting facts entitling plaintiff to relief.  Hishon v. King & Spalding, 467

6  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

7  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

8  this standard, the court must accept as true its allegations, Hospital Bldg. Co. v. Rex Hosp.

9  Trustees, 425 U.S. 738, 740 (1976), construe it in the light most favorable to plaintiff, and

10  resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

11    Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,

12  520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th

13  Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se

14  plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before

15  dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

16    The court cannot determine whether the complaint is frivolous or can be amended

17  to state a claim, because it does not comply with Fed. R. Civ. P. 8.[1]  Rule 8 sets forth general

18  rules of pleading for the Federal Courts.  Rule 8(a) requires complaints to include: (1) the

19  grounds upon which the court's jurisdiction rests; (2) a short and plain statement of the claim

20  showing entitlement to relief; and (3) a demand for relief.  The complaint does not meet the these

21  requirements.

22    The complaint alleges a cause of action for personal injury that occurred in

23  Morocco in 2002, and asserts that the Kingdom of Morocco and its head of state, King Mohamed

24  VI, are liable for the injuries incurred by plaintiff.  Plaintiff requests the court's assistance to

25

26    [1]  Neither does it comply with Fed. R. Civ. P. 10, governing the form of pleadings.

2

1  "obtain and effect service of process" upon King Mohamed VI and the Kingdom of Morocco "to

2  be used in a civil proceeding."  From these requests, it appears plaintiff seeks this court's

3  assistance to compel defendants into court, although which court is unclear from the complaint.

4          The court will assume that plaintiff has invoked jurisdiction pursuant to 28 U.S.C.

5  § 1330 (jurisdiction over a foreign state). The requirement of a short and plain statement means a

6  complaint must include "sufficient allegations to put defendants fairly on notice of the claims

7  against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  Plaintiff refers to an

8  injury he suffered while in Morocco at a Moroccan citizen's home, however, plaintiff does not

9  explain defendants' connection to the injury.  Even if plaintiff is able to show defendants'

10 connection to the injury and their susceptibility to suit in the United States, the allegations in the

11 complaint do not put defendants on notice of how defendants are allegedly liable for plaintiff's

12 injuries.  See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102 (1957); Richmond v.

13 Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (vague and scanty allegations fail to

14 satisfy the notice requirement of  Rule 8); 5 C. Wright & A. Miller, Federal Practice and

15 Procedure § 1202 (2d ed. 1990).

16          Finally, plaintiff has failed to properly and fully set forth his allegations within the

17 complaint, instead referencing attached exhibits which plaintiff mistakenly believes are sufficient

18 to state a claim.  It is not the function of the court to peruse exhibits and frame plaintiff's cause

19 of action for him, nor would it be proper to do so.  Therefore, plaintiff will be permitted to file an

20 amended complaint in order to cure these deficiencies.

21          Plaintiff is informed the court cannot refer to prior pleadings in order to make an

22 amended complaint complete.  Local Rule 15-220 requires that an amended complaint be

23 complete in itself.  This is because, as a general rule, an amended complaint supersedes the

24 original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once

25 plaintiff files an amended complaint, the original no longer serves any function in the case.

26 Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not

3

1  alleged in the amended complaint," <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir.

2  1981), and defendants not named in an amended complaint are no longer defendants.  <u>Ferdik v.</u>

3  <u>Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).

4          Accordingly, IT IS ORDERED that:

5          1.  Plaintiff's request to proceed in forma pauperis is granted;

6          2.  The complaint is dismissed, with leave to file an amended complaint within

7  thirty days of this order.  PLAINTIFF IS ADVISED THAT ANY FUTURE FILINGS SHOULD

8  REFER TO THE CIVIL CASE NUMBER STAMPED ON PAGE ONE OF THIS ORDER.

9  DATED: 7/20/05

                /s/ Gregory G. Hollows

10

                _____

11                  GREGORY G. HOLLOWS
                UNITED STATES MAGISTRATE JUDGE

GGH:mb

12  Bergeron1102.ifp

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4