IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK C. BERGERON,

    Plaintiff,                                No. CIV S-05-1102 FCD GGH PS

    vs.

KING MOHAMED VI, et al.,

    Defendants.                       <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        This action, in which plaintiff is proceeding pro se on the amended complaint filed September 26, 2005, has been referred to the undersigned pursuant to E.D. Cal. L.R. 72-302(c)(21).

        On July 20, 2005, the court dismissed plaintiff's complaint for failure to comply with Fed. R. Civ. P. 8, and granted him leave to amend. In his amended complaint, plaintiff again fails to establish a jurisdictional basis for this court to hear his claims. Because this court lacks jurisdiction over this matter, the undersigned recommends that the case be dismissed with prejudice.

        Plaintiff's complaint stems from injuries he suffered in Morocco in 2002. Plaintiff alleges that while staying at a Moroccan citizen's private residence, a "butane gas driven" hot water heater malfunctioned, causing, among other things, asphyxiation from carbon

1

1  monoxide, severe burns to his body, subsequent amputation of his left forearm and hand, and
2  resultant brain damage and memory loss.  Plaintiff seeks damages from Morocco and its king,
3  King Mohamed VI.  Plaintiff's claims against King Mohamed VI are interchangeable with those
4  against the state and are based on King Mohamed's alleged responsibility for "any and all
5  occurrences of each and every type that have occurred or may occur within the Sovereign
6  State/Kingdom."  Accordingly, the undersigned treats these claims as claims against the state of
7  Morocco.[1]

8         As in its order of July 20, 2005, the court will assume plaintiff invokes
9  jurisdiction pursuant to 28 U.S.C. § 1330 (jurisdiction over a foreign state).  Plaintiff discusses
10 his claims at length in the context of the Foreign Sovereign Immunities Act of 1976 ("FSIA"),
11 28 U.S.C. §§ 1602 *et seq*.  Plaintiff's invocation of the FSIA, however, does not by itself confer
12 jurisdiction on this court to hear plaintiff's claims.  Even if it did, plaintiff has failed to show
13 how defendants are exempt from the general presumption of immunity as set forth in 28 U.S.C. §
14 1604.  That provision states in relevant part, "a foreign state shall be immune from the
15 jurisdiction of the courts of the United States and of the States except as provided in sections
16 1605 to 1607."  Under this provision, foreign states are presumed to be immune from the
17 jurisdiction of the United States courts unless one of the exceptions to immunity set forth in the
18 FSIA applies.  <u>Moore v. United Kingdom</u>, 384 F.3d 1079, 1082 (9th Cir. 2004).

19 /////
20 /////
21 /////
22 /////
23 /////

---

[1] "It is generally recognized that a suit against an individual acting in his official capacity is the practical equivalent of a suit against the sovereign directly." <u>Chuidian v. Philippine Nat'l Bank</u>, 912 F.2d 1095, 1101-02 (9th Cir. 1990) (citing Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690 n.55, 98 S.Ct. 2018, 2035 n.55 (1978)).

2

It appears that plaintiff seeks to invoke the tortious activity exception to jurisdictional immunity set forth in 28 U.S.C. § 1605(a)(5)(A) and (B). (A.C. p. 2, at 18-25; p.3, at 1-5). Those sections provide in relevant part:

> a foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case . . . in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, *occurring in the United States* and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his employment; except that *this paragraph shall not apply to* . . . any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused, or any claim arising out of malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.

28 U.S.C. § 1605(a)(5)(A) and (B) (emphasis added).

Plaintiff argues that the "sovereign State/Kingdom of Morocco is the direct responsibility of His Majesty, King Mohamed V [*sic*]. . . [and] that such King [is] directly responsible for any and all occurrences of each and every type that have occurred or may occur within the Sovereign State/Kingdom." Plaintiff further argues that "the provision for the health and safety of subjects of the Kingdom and authorized visitors to the Kingdom of Morocco is not discretionary" and that the King is "directly responsible" for the "inspection, testing and safe installation of each and all Butane Gas Driven appliances in the Sovereignty" and for the failure to implement a "safe building code." In the amended complaint, plaintiff fails to set forth any facts linking defendants directly to his injuries. Rather, he imputes responsibility to defendants based on their alleged failure to establish safety codes and inspection procedures related to installation of butane water heaters. Plaintiff argues that, by these omissions, defendants meet the tortious activity exceptions to the FSIA.

As discussed above, the tortious activity exception to jurisdictional immunity is set forth in 28 U.S.C. § 1605(a)(5), and applies in cases where money damages are sought against a foreign state for personal injury *occurring in the United States* and *caused by the tortious act or omission of that foreign state*. In his amended complaint, plaintiff alleges that his injuries

occurred in Morocco, not the United States.  Furthermore, he alleges that the injuries were caused by the malfunction of a hot water tank in the home of a private citizen.  Accordingly, this exception to jurisdictional immunity does not apply.

Neither do subparts (A) and (B) to 28 U.S.C. § 1605(a)(5) apply in this case. Rather, subpart A is an exception to the exception set forth in 28 U.S.C. § 1605(a)(5), and provides immunity for any claim based on the "exercise or performance or the failure to exercise or perform a discretionary function."  Under this exception to the exception, discretionary functions of foreign states are treated as policy decisions and courts are barred from reviewing such decisions "through the medium of a tort action."  Joseph v. Office of Consulate General of Nigeria, 830 F.2d 1018, 1026 (9th Cir. 1987).  Likewise, subpart B provides that the exception to immunity does not apply where a claim arises out of malicious prosecution, libel, slander, or the like.  Plaintiff does not explain how subpart B relates to his claims.  It appears that plaintiff discusses subpart A in order to preclude defendants from arguing that their acts or omissions in this case were "discretionary" and as such, qualify them for immunity.  In any event, both subparts A and B of 28 U.S.C. § 1605(a)(5) provide defendants with additional bases for immunity, and therefore provide no basis for jurisdiction.  As explained above, plaintiff's references to the FSIA do not confer jurisdiction on this court, nor do any of the exceptions to immunity he invokes apply to the defendants in this matter.

Accordingly, IT IS RECOMMENDED, that the complaint be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are

4

1  advised that failure to file objections within the specified time may waive the right to appeal the

2  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: 10/19/05

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:mb
Bergeron1102.amd